UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

CAITLYN GILL, et al.,                       )
                                            )
            Plaintiffs,                     )
                                            )
      v.                                    )      Case No. 1:19-cv-01058
                                            )
AMERICAN ELITE RECOVERY, LLC,               )
and MARK M. MILLER,                         )
                                            )
            Defendants.                     )

**ORDER**
**HOLDING DEFENDANT MARK M. MILLER IN CONTEMPT AND**
**ORDERING DEFENDANT MILLER'S COMPLIANCE WITH COURT ORDERS**
**OR FACE DAILY MONETARY SANCTIONS**
(Doc. 30)

## I.    Procedural Background.

This matter comes before the court on a motion for imposition of monetary sanctions for Defendant Mark M. Miller's failure to comply with the courts September 3, 2020 and March 1, 2021 Orders.

On October 4, 2019, the clerk of court entered a default against Defendants and on June 16, 2020, the court granted in part Plaintiffs' motion for default judgment. The court awarded Plaintiffs a judgment in the amount of $9,360.50, comprised of $1,000 in statutory damages for each Plaintiff, for a total of $5,000, $3,775.50 in attorney fees, $185 in litigation expenses, and $400 in court costs (the "Judgment"). The court found Defendants American Elite and Miller jointly and severally liable for the Judgment. Defendants did not oppose either the entry of default or the default judgment.

On September 3, 2020, the court granted Plaintiffs' motion to compel responses to discovery under Fed. R. Civ. P. 69. The court ordered Defendants to respond to Plaintiffs' requests for post-judgment discovery within fourteen (14) days. Defendants did not produce any documents in response to the September 3, 2020 Order.

On December 30, 2020, the court issued an Order to Show Cause why Defendant Miller should not be held in contempt (Doc. 22.) On January 12, 2021 Defendant filed a response to the Order to Show Cause which he signed under penalties of perjury. In this filing, Defendant Miller revealed that he had kept abreast of the court's Orders. By clear and convincing evidence, the court finds any claim of ignorance of the matters pending before the court by him is not credible. On March 1, 2021, the court issued an Order holding Defendant Miller in contempt for failure to comply with the terms of this court's September 3, 2020 Order and ordering him to comply with fourteen (14) days of the date of that Order. Again, Defendant Miller failed to comply.

On April 29, 2021, Plaintiffs moved to impose daily monetary sanctions upon Defendant Mark Miller for his failure to purge his contempt and comply with the court's September 3, 2020 and March 1, 2021 Orders. Defendant Miller did not file a response. On August 6, 2021, the court held a hearing on the motion at which Attorney Jonathan Hilton appeared. Defendant Miller appeared approximately twenty-five minutes after the hearing began, asserting that he had not been sent the Zoom link, that the Zoom link re-sent to him did not work, and eventually joining the hearing by telephone.

## II.     Whether to Impose Daily Monetary Sanctions for Defendant Miller's Failure to Comply with the Court's September 3, 2020 and March 1, 2021 Orders.

"Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance." *1199 SEIU United Healthcare Workers East v. Alaris Health at Hamilton Park*, 809 F. App'x 44, 45 (2d Cir. 2020). A court may hold a party in contempt if the court determines that "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).

The court's September 3, 2020 Order requiring Defendants to respond to Plaintiffs' Rule 69 discovery requests was clear and unambiguous. Based on the record before it, the court finds by clear and convincing evidence that Defendant Miller is

charged with notice of the September 3, 2020 Order and willfully failed to comply with it. *See Ruest v. City of Rochester*, 2013 WL 3456955, at \*6 (W.D.N.Y. July 8, 2013) (holding that "[l]itigants, even those proceeding *pro se*, are required to comply with the directives of the [c]ourt."); *Johnson v. U.S. Dept. of Homeland Sec.*, 2010 WL 2560485, at \*2 (N.D.N.Y. June 24, 2010) (holding that "[p]laintiff's *pro se* status does not excuse his failure to be informed of this Court's rules and procedures and to comply with" relevant deadlines). Moreover, the court finds by clear and convincing evidence that Defendant Miller had actual notice of the court's March 1, 2021 Order, as evidenced by Defendant Miller's filing of responsive motions.

At the August 6, 2021 hearing, when asked whether there was any reason that Defendant Miller could not provide a limited number of responsive documents, encompassed in the court's September 3, 2020 Order to compel, he responded that there was not.

Defendant is hereby ORDERED to produce to Plaintiffs the information set forth below within fourteen days (14) of the date of this Order:

1.  A current statement for any bank, savings association, stock broker, mutual fund, trust, or any other financial institution for each account in which you have had any legal or equitable interest or over which you have the right to exercise any degree of control.

2.  A list of all real property in which you have had any degree of legal or equitable ownership, or have had the right to exercise any degree of control, an any time in the past three years.

3.  A statement of your current income and its source as set forth in official documentation such as a W-2 or pay stub.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A DAILY MONETARY SACTION, FINE, AND A FINDING OF WILLFUL AND REPEATED CONTEMPT OF COURT.**

**CONCLUSION**

For the foregoing reasons, the court finds Defendant Miller in contempt and

3

hereby ORDERS him to comply with its September 2, 2020 and March 1, 2021 Orders. The court CONDITIONALLY DENIES Plaintiffs' motion to impose daily monetary sanctions (Doc. 30.)

SO ORDERED.

Dated this ___6th___ day of August, 2021.

Christina Reiss, District Judge
United States District Court